Argued and submitted January 7, affirmed May 11, 1983

STATE OF OREGON,
*Respondent,*
*v.*
LESTER FRANCIS WAGNER,
*Appellant.*

(81-14559-K, 81-14560-K;
CA A25799 (Control), A25861)
(Cases Consolidated)

662 P2d 799

Thomas W. Swint, Grants Pass, argued the cause and filed the brief for appellant.

Linda Acaldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant challenges his conviction for driving while under the influence of intoxicants.[1] ORS 487.540. He seeks a new trial on the ground that, based on the evidence, the trial court erred in taking judicial notice of the fact that "Darvocet 100" is a "controlled substance." We affirm.

At trial, the state proceeded on the theory that defendant had ingested a controlled substance along with alcohol. Defendant testified that he was taking "Darvocet-100." The state asked the court to take judicial notice of the fact that *Darvocet-N-100* is a controlled substance within the meaning of ORS 487.540. The court did so. Defendant contends that, because there is no evidence that he was taking *Darvocet-N-100,* there was nothing before the jury linking him to the drug *Darvocet-N-100,* and, therefore, the question whether *Darvocet-N-100* is a controlled substance was irrelevant.

OEC 201(b) reads, in part, as follows:

"A judicially noticed fact must be one not subject to *reasonable* dispute in that it is * * *:

"* * * * *

"(2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Emphasis supplied.)

The rule permits a trial court to take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate verification. The rule takes the facts noticed out of the adversary process and treats them as given facts. Simply stated, it is a short cut to introduce undisputed evidence.

Defendant agrees that *Darvocet-N-100* is a controlled substance and that that fact is subject to judicial notice. Defendant's argument is simply that there is no evidence that *Darvocet-N-100* was the specific drug he used and, therefore, it was not proper for it to be judicially noticed. Defendant's contention appears to rest on an assumption that there are two different Darvocet-100s: Darvocet-100, the substance he admits ingesting, and *Darvocet-N-100.*

---

[1] In this consolidated trial, defendant was also convicted of driving while suspended. However, defendant does not challenge any aspect of that judgment.

Here, in support of its request for judicial notice, the state offered the Physician's Desk Reference (PDR) as source material. Defendant does not challenge the accuracy of the PDR. The PDR describes the medical properties of Darvocet and contains other pertinent information about the Darvocet line. "Darvocet" is not a generic name, such as, for example, codeine. It is a registered trademark of the Eli Lilly Company. The PDR lists only that company as a manufacturer of Darvocet. Furthermore, Lilly manufactures only *two* types of Darvocet tablets: Darvocet-N-50 and *Darvocet-N-100.*

We hold that the trial court's taking judicial notice that *Darvocet-N-100* is a controlled substance fulfilled the requirements of OEC 201(b) and that the fact that the drug is a controlled substance is relevant in this case. Because defendant has not challenged the accuracy of the PDR, its accuracy must be assumed in evaluating defendant's claim on review. If defendant's doctor prescribed a Darvocet tablet, it necessarily was either Darvocet-N-50 or *Darvocet-N-100.* Those are the only drugs carrying the registered trademark name of "Darvocet." Defendant testified that he was ingesting Darvocet-100. By a process of elimination, therefore, defendant's description of Darvocet-100 had to be a reference to *Darvocet-N-100.* There is only one rational conclusion to be drawn from an examination of the PDR in conjunction with defendant's testimony. Defendant was referring to *Darvocet-N-100* when he said "Darvocet-100." Thus, taking judicial notice was not error.

Affirmed.